IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY C. SALKELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-42 Erie |
| | ) | |
| FRANKLIN J. TENNIS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

  Presently pending before the Court are the following motions filed by Petitioner, Tony C. Salkeld: Motion for Relief under Fed.R.Civ.P. 60(b)(3), (4) and (6) [Doc. No. 39]; Motion to Appoint Counsel [Doc. No. 40]; Motion for Evidentiary Hearing [Doc. No. 41]; and Motion for Extension of Time to File Reply [Doc. No. 44]. Also pending before the Court is the Motion to Dismiss the Petitioner's Rule 60(b) Motion filed by Respondents, Franklin J. Tennis and the District Attorney of Venango County [Doc. No. 43]. For the reasons that follow, Respondents' Motion will be granted and the Petitioner's Motion for Relief will be dismissed; the Petitioner's remaining Motions will be denied.

  In April 2001, Petitioner was charged with one count of rape and one count of sexual assault. Petitioner contended, through his court-appointed attorney, that the victim consented to the sexual activity. In October 2001, he was found guilty by a jury in the Court of Common Pleas of Venango County of the sexual assault charge and was acquitted on the rape charge. He appealed his sentence to the Superior Court of Pennsylvania, alleging, *inter alia*, violations of Pennsylvania discovery rules. See [Doc. No. 19, Attach. 5 pp. 23-27]. On August 26, 2004, the Superior Court issued a Memorandum Order affirming his judgment of sentence. See [Doc. No. 19, Attach. 5 pp. 1-10]. Petitioner did not file an appeal with the Pennsylvania Supreme Court.

  In September 2004, Petitioner filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 41 Pa.C.S.A § 9541-46. In his petition, he raised the following claims:

    1.  Whether the trial court should have colloquied Petitioner on
      his trial counsel's conflict or had trial counsel, Russell Karl,
      withdraw his representation of Petitioner;

    2.    Whether appellate counsel was ineffective for failing to appeal the trial court's charge to the jury in response to a jury question; and,

    3.    Whether trial counsel provided Petitioner with ineffective assistance for not opposing consideration by the trial court at the sentencing hearing of statements made by Petitioner during a Megan's Law investigation.

See [Doc. No. 19, Attach. 11 p. 2]. Following an evidentiary hearing on the PCRA petition, the trial judge concluded that the claims had no merit and denied relief. See [Doc. No. 19, Attach. 11 pp. 1-7]. Petitioner appealed this decision to the Superior Court of Pennsylvania, but subsequently filed a motion to withdraw the appeal, which was granted by the Superior Court on January 25, 2006. See [Doc. No. 19, Attach. 2 p. 1].

    Petitioner subsequently filed a Petition for Writ of Habeas Corpus in this Court on February 21, 2006. See [Doc. No. 1]. In this Petition, he raised the following claims:

    1.    Trial counsel provided him with ineffective assistance because counsel operated under a conflict of interest;

    2.    The trial court erred in failing to adequately investigate the conflict of interest;

    3.    The trial court failed to procure a valid waiver of Petitioner's constitutional right to conflict-free counsel;

    4.    The trial court's instructions to the jury violated Petitioner's due process rights; and

    5.    The prosecution violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963), to disclose favorable and material evidence to the defense by withholding photographs of the victim's breasts and related police reports.

See [Doc. No. 2]. This Petition was denied by the Court on March 20, 2007 on the grounds that his claims were procedurally defaulted and a certificate of appealability was denied [Doc. Nos. 24 and 30]. The United States Court of Appeals for the Third Circuit denied the Petitioner's request for a certificate of appealability on August 24, 2007. See [Doc. No. 37]. On October 12, 2007, at Case Number 07-3778, the Third Circuit denied the Petitioner's application to file a second or successive habeas corpus petition [Doc. No. 38].

    Petitioner subsequently filed a second application to file a second or successive petition

in the Third Circuit Court of Appeals on February 24, 2009 at Case Number 09-1514. In this second application, Petitioner raised an ineffective assistance of counsel claim based upon a claim of newly discovered evidence. This evidence allegedly consisted of a statement by the victim that she wanted the Petitioner to be convicted of the crime in order to collect $100,000 in a civil lawsuit. According to the Petitioner, this statement was contained in his case file but was not utilized by his trial counsel in attacking the victim's credibility. See In re: Tony Salkeld, Case No. 09-1514 [Doc. No. 00316748722 pp. 10-11]. Petitioner claimed in his second application:

> Petitioner is entitled to a second Habeas Corpus because trial counsel failed to investigate evidence provided to him by petitioner's private investigator that attacked the credibility of the complaining witness and demonstrates the probability the entire accusation may have been a fabrication.

See In re: Tony Salkeld, Case No. 09-1514 [Doc. No. 00316748722 p. 10]. This second application was denied by the Third Circuit on April 9, 2009:

> The application pursuant to 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2254 petition is denied. The petitioner does not rely on a "new rule of constitutional law," see 28 U.S.C. § 2244(b)(2)(A), and has not shown that a claim in his petition rests on a factual predicate that could not have been discovered previously and that would be sufficient to establish that no reasonable factfinder would have found him guilty, see 28 U.S.C. § 2244(b)(2)(B)(I) and (ii).

See In re: Tony Salkeld, Case No. 09-1514 [Doc. No. 00318909834].

Petitioner thereafter filed in this Court a Motion for Relief pursuant to Rule 60(b) on June 24, 2009. See [Doc. No. 39]. In this motion, Petitioner claims he is entitled to relief based upon a claim of newly discovered evidence, to wit: a statement by the victim that she would convict the Petitioner and collect $100,000. See [Doc. No. 39 ¶ 8]. Petitioner states in his motion:

> The significance of this document relates to the veracity of the complainant; the Commonwealth's entire case was based on the veracity of the complainant, a "he said she said" case, and without the document, the petitioner is prejudiced. Furthermore, the document also relates to trial counsel's conflict of interest raised in petitioner's habeas corpus, his miscarriage of justice claim, particularly, to a fabrication and motive, and to other claims of ineffective assistance of counsel.

See [Doc. No. 39 ¶ 10].

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment based upon fraud, misrepresentation or misconduct by an opposing party; because the judgment is void; or "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(3), (4) and (6). In evaluating a Rule 60(b) motion, the district court must determine whether AEDPA's limits on successive petitions apply. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion shall be treated as a successive habeas petition if it is "in substance a habeas corpus application." Id. at 531. If the motion is construed as a second or successive habeas petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007); U.S. v. Lizardo, 309 Fed. Appx. 564, 565 (3rd Cir. 2009). In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3rd Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.").

Here, a review of the arguments advanced in support of the Petitioner's Rule 60(b) motion reveal that it is, in essence, a second habeas petition. Petitioner is claiming his trial counsel was ineffective for failing to utilize the statement of the victim in attacking her credibility at trial. Although he attempts to argue that this Court's previous habeas judgment is "void" because he was unable to present this ground at the time he filed his first habeas petition, it is clear that his underlying argument is an attack on his conviction and not an attack on "the manner in which the earlier habeas judgment was procured." Pridgen, 380 F.3d at 727. Moreover, the arguments raised in the current Rule 60(b) motion are identical to the arguments advanced and denied by the Third Circuit in connection with the Petitioner's application to file a second habeas petition. The current motion is an improper attempt to pursue a successive habeas petition after the Third Circuit has already denied the Petitioner permission to do so. Accordingly, this Court lacks jurisdiction to consider the instant motion.

AND NOW, this 25th day of September, 2009, IT IS HEREBY ORDERED that the

Respondent's Motion to Dismiss [Doc. No. 43] is GRANTED and the Petitioner's Motion [Doc. No. 39] is DISMISSED.

IT IS FURTHER ORDERED that the Petitioner's Motion to Appoint Counsel [Doc. No. 40], Motion for Evidentiary Hearing [Doc. No. 41] and Motion for Extension of Time to File Reply [Doc. No. 44] are DENIED as moot.

/s Sean J. McLaughlin
United States District Judge

cc:	All parties of record
	Susan Paradise Baxter, U.S. Magistrate Judge